| | |
|---|---|
| ROY PETERSON | CASE NO. 5:17-CV-01467 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| BROOKSHIRE GROCERY CO., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Record Document 16] submitted by Defendants, Brookshire Grocery Company ("Brookshires") and The Travelers Indemnity Company of Connecticut, which prays for this Court to dismiss all claims brought against them by Plaintiff, Roy Peterson. Defendants argue that Plaintiff cannot satisfy his burden of proof pursuant to Louisiana Revised Statute 9:2800.6(B)(2), that Brookshires had constructive notice of the alleged condition on the floor that caused Plaintiff to fall. *Id.* Plaintiff opposes the motion. [Record Document 26]. Upon consideration of the briefs filed by the parties, and for the reasons stated below, Defendants' motion for summary judgment is **GRANTED.**

## BACKGROUND

Plaintiff filed this suit for damages arising out of a slip and fall incident at a store operated by Brookshire Grocery Company d/b/a Super 1 Foods in Shreveport, Louisiana. According to the filings, Plaintiff entered the Super 1 Foods on May 21, 2017, and was shopping in the produce section when he fell. Record Document 1-1, ¶s 2–3. The fall occurred when Plaintiff stepped on a grape. Record Document 26, p. 4. According to a surveillance video that was viewed during the deposition of store employee Detrick Phillips ("Phillips"), Plaintiff fell at approximately 1:39 p.m. in the produce department, a few feet away from the salad and grape case. Record Document 26-

1

2, p. 2. The same surveillance video showed three people near the salad case between 1:32 and 1:39 p.m. *Id.* at 5. The video does not show what those individuals were doing, just that they were near the salad case. *Id.*

Approximately five or six minutes before Plaintiff fell, Phillips had instructed another employee, Jamichael, to go check the floor of the produce department. *Id.* at 7, 9. According to Phillips, "checking the floor" involved checking to see if any areas of inventory were empty and if anything was on the floor itself. *Id.* Instead of going out onto the floor, Jamichael looked at the floor of the produce department from the doors that led to the back of the store and decided that no action was needed. *Id.* at 7. Jamichael was "written up" in connection with this incident when Phillips found out that he had not checked the floor in accordance with store procedures. *Id.* at 9.

According to the deposition of assistant store manager Kenneth Cotton ("Cotton"), Plaintiff came to his office after the fall and said he had slipped on a grape. Record Document 26-3, p. 2. When Cotton inspected the scene, he saw a skid mark from Plaintiff's shoe and a grape in the middle of that skid mark. *Id.* Cotton saw no liquid or anything else on the floor. *Id.* On the accident report, the customer description of the incident stated, "Walking through produce and slipped on a grape." *Id.* at 5.

Plaintiff alleges that the fall caused him to sustain severe injuries and that Defendants are responsible for his past, present, and future medical expenses, pain and suffering, mental pain and anguish, permanent injuries and disability, loss of wages and economic opportunity, and loss of enjoyment of life. Record Document 1-1, ¶s 8, 10.

## **LEGAL STANDARD**

Summary judgment under Federal Rule of Civil Procedure 56 is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that

there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–323.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact with the motion for summary judgment, the nonmovant must demonstrate that there is, in fact, a genuine issue for dispute at trial by going "beyond the pleadings" and designating specific facts for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,'" by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (internal citations omitted); *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (the court must "review the facts drawing all inferences most favorable to the party opposing the motion"). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in the nonmovant's favor. *Little*, 37 F.3d at 1075.

Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. Pursuant to Local Rule 56.2, the party opposing the motion for summary judgment must set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in

the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

The Court begins by noting that Plaintiff's own version of events is internally inconsistent. In his complaint, Plaintiff alleges that a Brookshires employee allowed a liquid to remain on the floor of the produce department and that Plaintiff slipped on the liquid and fell. Record Document 1-1, ¶s 4–5. In Plaintiff's deposition, he describes the incident in detail, stating that he fell onto his right side after slipping on some liquid that was on the floor. Record Document 16-3, p. 6. Plaintiff stated that he knew his right side hit the ground first because his pants were wet. *Id.* at 7. Defendants' main argument in support of their motion for summary judgment is that Plaintiff admitted in his deposition that he had no evidence as to how long the liquid had been on the floor or that any employee created the condition and therefore could not satisfy the temporal element of La. R.S. 9:2800.6. Record Document 16-2, p. 13.

However, in his opposition to Defendant's motion for summary judgment, Plaintiff suddenly argues that he slipped on a grape. Record Document 26, p. 4. He does not mention liquid on the ground, nor does he explain the reason for this significant factual change. *Id.* As best the Court can tell, the theory that Plaintiff slipped on a grape was not introduced until this opposition. Because the version of events involving the grape was introduced in the latest filing by Plaintiff [Record Document 26, p. 4], and because it was affirmed by Defendants in their latest filing [Record Document 27, p. 1], the Court will accept it as true. Although the Court does not determine facts or weigh credibility at this stage, this inconsistency highlights the deficit of facts that Plaintiff has brought forward to oppose this motion for summary judgment in his terse memorandum.

Louisiana Revised Statute 9:2800.6 governs a negligence action against a merchant for damages resulting from injuries sustained in a slip and fall accident. *See Kennedy v. Wal-Mart Stores, Inc.*, 98-C-1939 (La. 4/13/99); 733 So. 2d 1188. Under subsection A of that statute, a merchant owes a duty "to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. § 9:2800.6(A). The plaintiff's burden of proof in a case governed by this statute is set out in subsection B, which provides as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. R.S. § 9:2800.6(B). Failure to establish any one of the elements of § 9:2800.6(B) is fatal to a plaintiff's claim. *Gregory v. Brookshire Grocery Co.*, 45,070 (La. App. 2 Cir. 4/21/10), 35 So. 3d 458, 461 (citing *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476).

In this case, Defendants argue that Plaintiff is unable to prove element B(2), that Brookshires had constructive notice of the condition which caused the damage prior to the occurrence. Record Document 16-2, p. 5. Plaintiff does not argue that Brookshires created or had actual notice of the condition; instead, he argues that there is a genuine issue of material fact as to

whether Brookshires had constructive knowledge of the grape. Record Document 26, p. 7. The

relevant statute defines constructive notice:

> "Constructive notice" means the claimant has proven that the condition existed for
> such a period of time that it would have been discovered if the merchant had
> exercised reasonable care. The presence of an employee of the merchant in the
> vicinity in which the condition exists does not, alone, constitute constructive notice,
> unless it is shown that the employee knew, or in the exercise of reasonable care
> should have known, of the condition.

La. R.S. § 9:2800.6(C)(1).

The Louisiana Supreme Court discussed the constructive notice element in *White v. Wal-*

*Mart Stores, Inc.*, 97-0393, (La. 9/9/97), 699 So. 2d 1081, 1084, explaining:

> Constructive notice, at issue here, is defined by Section (C)(1). The definition is
> likewise clear and unambiguous. There is a temporal element included: "such a
> period of time ..." The statute does not allow for the inference of constructive notice
> absent some showing of this temporal element. The claimant must make a positive
> showing of the existence of the condition prior to the fall. A defendant merchant
> does not have to make a positive showing of the absence of the existence of the
> condition prior to the fall.

Therefore, Plaintiff is required to come forward with positive evidence showing that the damage-

causing condition--here, the grape--existed for some period of time, and that such time was

sufficient to place Defendants on notice of its existence. *Id.* at 1082.

Plaintiff argues that if Jamichael had properly checked the floors as instructed, he would

have seen anything, presumably including the grape, that was on the floor. Record Document 26,

p. 7. Although his opposition does not flesh out this point, Plaintiff seems to be arguing that

because Jamichael was disciplined for failing to properly check the floors, Plaintiff has shown that

Brookshires had constructive knowledge of the grape. Plaintiff also argues that the temporal

element of constructive notice is satisfied because, whether a customer in the area of the incident

a few minutes prior to the fall dropped the grape or whether the grape was already on the floor, it

was there for a few minutes or longer. Record Document 26, p. 6. Plaintiff states that whether the

temporal element is sufficiently lengthy is a fact question to be left for the jury. *Id.* Plaintiff is correct that the sufficiency of the length of time is a question of fact, however, he is still required to show that the allegedly hazardous condition existed for some period of time. *White,* 699 So. 2d at 1084. "A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id.*

Plaintiff has not carried his burden of proof under La. R.S. 9:2800.6(B)(2). The only evidence Plaintiff has provided showing the existence of the grape is the deposition testimony of Cotton, who saw a grape on the floor after Plaintiff fell. Record Document 26-3, p. 2. Plaintiff cannot even rely on his own deposition testimony as evidence because in his deposition he claims to have slipped on a clear liquid. *See* Record Document 16-3. Even if the Court were to assume that the fall would have been prevented if Jamichael, a Brookshires employee, had properly checked the floor, this would not negate Plaintiff's burden of showing that the grape was on the floor for some period of time prior to the fall. *White,* 699 So. 2d at 1084 ("The statute does not allow for the inference of constructive notice absent some showing of this temporal element."); *Derousselle v. Wal-Mart Louisiana,* 701 Fed. Appx. 349, 351 (5th Cir. 2017) (quoting *Martin v. Kroger Co.,* 273 F.3d 1099, 2001 WL 1070538, at *3 (5th Cir. 2001)) ("In the absence of competent evidence of how long the grapes had been on the floor, whether [the merchant] conducted sufficient inspections or used reasonable care in maintaining the store is simply not relevant to the issue of constructive notice . . . .").

The Court notes the heavy burden that plaintiffs in Louisiana must meet in order to maintain a cause of action against a merchant under La. R.S. § 9:2800.6, especially as to the constructive notice requirement. When the Louisiana Supreme Court established the temporal

element of the constructive notice requirement in *White*, it stated that proving a condition existed for some time period prior to a fall was not an impossible burden. *White,* 699 So. 2d at 1085. To support this point, the Court cited several cases in which a claimant carried the burden of showing actual or constructive notice. *Id.* at 1085 n.4. Upon reviewing those cases, this Court finds that the burden is such that Plaintiff cannot satisfy the temporal element of constructive notice, even though he has provided evidence that a Brookshire's employee failed to check the floor as instructed shortly before he fell. Record Document 26, p. 7, 9.

In *Treadaway v. Shoney's, Inc.,* the plaintiff carried her burden of proof when her testimony that the floor was still wet, even after an employee removed a "wet floor" sign, was corroborated at trial by an independent third party. 93–1688 (La. App. 4 Cir. 2/25/94), 633 So. 2d 841, 843. The plaintiffs in *Oalmann v. K-Mart Corp.* proved that K-Mart had constructive notice of the wet floor because K-Mart knew that it was raining outside on the day of the incident. 630 So. 2d 911, 913 (La. App. 4 Cir. 1993). The court in *Cobb v. Wal-Mart Stores* held that defendants had constructive notice of the popcorn that was spilled on the floor because the accident occurred four or five feet from the pharmacy counter where two employees had a clear view of the aisle. 624 So. 2d 5, 7 (La. App. 5 Cir. 1993). In *Saucier v. Kugler, Inc.,* the plaintiff was able to show constructive notice, even though she did not know where the lemon she slipped on had come from, when an employee of the defendant acknowledged that the lemons were stacked at an angle that regularly caused them to fall on the floor. 628 So. 2d 1309, 1310 (La. App. 3 Cir. 1993). In these four cases, there was at least some evidence other than the plaintiff's testimony showing that the obstacle was either known by the merchant or existed for such a period of time that the merchant should have discovered its existence. *Welch v. Winn-Dixie Louisiana, Inc.* 94–2331, (La. 5/22/95) 655 So. 2d 309, 320 (Kimball, J., dissenting). In the case at hand, Plaintiff has provided no such evidence.

Plaintiff has offered no evidence to suggest the grape was on the floor for any length of time prior to his fall and has therefore failed to create an issue of fact regarding constructive notice. Defendants have met their burden of showing an absence of support for an essential element of Plaintiff's claim, and Plaintiff has failed to come forward with evidence showing a genuine dispute for trial. Accordingly, summary judgment is appropriate. *See Little*, 37 F.3d at 1075.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Record Document 16] is hereby **GRANTED,** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.** A judgment consistent with this ruling will issue herewith.

**THUS DONE AND SIGNED** this 13th day of December, 2018 in Shreveport, Louisiana.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE